THE PEOPLE, etc., for use of John F. Schuchert *et al.*

v.

CATHARINE PHELPS, Admx.

1. ADMINISTRATION—*whether money paid on life policy of insurance is assets for the payment of debts.* If a life policy of insurance is made payable to the party's "legal representatives," the proceeds thereof will be

assets in the hands of his executor or administrator, and subject to the payment of debts, the same as any other personal assets.

2. SAME—*claims must be paid pro rata.* An administrator must pay all claims presented and allowed, within the time limited by law, *pro rata.* If his account shows the payment of some creditors in full, to the prejudice of others, it should not be approved.

3. SAME—*no objection to allowance of claim that it is secured on real estate.* It is no objection to the allowance and payment of a claim against an estate that it is secured on real estate of the intestate. The personalty is the primary fund out of which all claims must be paid, and it must first be exhausted.

4. INSURANCE—*life policy may be made payable so as to exclude creditors.* It is competent, under the laws of this State, to make a policy of insurance on a person's life payable to his widow or heirs, to the exclusion of his creditors.

APPEAL from the Circuit Court of Randolph county; the Hon. AMOS WATTS, Judge, presiding.

This was an appeal to the circuit court from an order of the county court approving an account current of Catharine Phelps, administratrix of the estate of Benjamin F. Phelps, deceased, made in answer to a citation. On the hearing of the appeal, the circuit court affirmed the order of the county court. The grounds of objection to the account appear from the opinion of the court.

Messrs. HARTZELL, MORRISON & GORDON, for the appellants.

Mr. J. BLACKBURN JONES, for the appellee.

Mr., CHIEF JUSTICE SCOTT delivered the opinion of the Court:

In the account rendered, the administratrix omitted to charge herself with the amount of a life policy on the life of her intestate, which she had previously collected. According to our understanding of the law, the proceeds of the policy constituted funds in the hands of the administratrix,

to be administered the same as other assets belonging to the estate.

The policy, by its express terms, was payable to "the said Benjamin F. Phelps' legal representatives." The words "legal representatives," in the commonly accepted sense, mean administrators or executors. What construction shall be given to the phrase "legal representatives," depends upon the intention of the party using it. *Warnecke* v. *Lembca*, 71 Ill. 91.

It was competent, under our law, for the intestate to have made the policy payable to his widow or to his heirs, to the exclusion of his creditors; but this he did not do. He chose to make it payable to his "legal representatives," and, in this instance, the legal representative of the intestate is his administratrix. Had it been the intention the proceeds of the policy should go to the widow or heirs, to the exclusion of creditors, apt words no doubt would have been used to express that purpose; but no such intention is manifested. The term employed, "legal representatives," must be understood in its ordinary meaning, which is, administrators or executors, and can not, by construction in this case, be held to include the widow and heirs, to the exclusion of the administratrix.

The proceeds of the policy must, therefore, be regarded as other assets coming to the hands of the administratrix, and to be administered accordingly. The following cases are illustrative of this view of the law: *Wason* v. *Colburn*, 99 Mass. 342; *Stevens* v. *Warren*, 101 ib. 564.

The administratrix obtained credit for having paid in full claims of other creditors not previously allowed. It was proven the claims were just, and, having been presented to the administratrix within the time limited by the statute, she could, if the condition of the estate would warrant it, pay them, and afterwards have them allowed, which was done in this case. The error consists in paying them in full, to the prejudice of other claimants. This she could not do. Their claims had been presented, and allowed by the court, within

the time fixed by the statute, and hence they were entitled to their *pro rata* share of the assets with the other creditors of the estate.

It was no valid objection to the allowance of the claim of John C. Watt, that the indebtedness had been secured by the intestate, in his lifetime, on real estate. The personalty belonging to the estate is the primary fund out of which all claims must be paid, and must be first exhausted.

In the particulars suggested, the account of the administratrix was erroneous, and ought not to have been approved by the court.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*