# W. Henry Moore

*v.*

# Eugene Wayman *et al.*

*Filed at Mt. Vernon June 16, 1883.*

1. Taxes—*collection—when enjoined.* It is the doctrine of this court that equity will not enjoin the collection of taxes that are levied on property subject to taxation, and which are due and unpaid, if the same are legally imposed. A court of equity will never enjoin the collection of taxes unless they are void, or levied without authority on the part of the officers executing the revenue laws.

2. As long as such officers are acting under the law in imposing and collecting taxes, the courts will not interfere. They will do so only when such officers transcend their powers, and act without legal warrant. Nor will they interfere for the reason that the assessment is not strictly according to the letter of the law; and when there is no ground for enjoining the collection of a tax, the collector can not be enjoined from making a tax deed to the holder of the certificate of purchase, unless good cause is shown for matters which have transpired since the sale.

3. Same—*terms upon which sale will be set aside.* If the owner of land lies by and permits judgment to go against his land for taxes, and the same to be sold and paid for, it is the settled law of this court that before he can have the sale set aside as a cloud on his title, he must tender or offer to pay the holder of the certificate the purchase money, and all taxes he has paid, with interest thereon. A bill seeking to enjoin the making of a tax deed on the ground of mere irregularities, is subject to demurrer if it fails to offer to refund the money paid by the holder of the certificate.

Appeal from the Circuit Court of Washington county; the Hon. William H. Snyder, Judge, presiding.

Mr. W. Henry Moore, *pro se.*

Mr. Justice Walker delivered the opinion of the Court:

This was a bill in equity, filed by complainants, to enjoin the collector from making a tax deed for two forty-acre tracts of land that had been sold for delinquent taxes, and the time for redemption had expired. The bill nowhere charges that

the property was not liable to taxation, or that it had not been legally assessed, or the tax lawfully imposed on the property, or that the tax so levied had been paid. There is nothing alleged to show that the tax is unjust, or that it would be inequitable to enforce payment, nor is there a tender or any kind of offer to pay the taxes, with interest, or any other sum, to the holder of the tax certificate. There are, however, alleged technical errors and omissions in reporting the delinquent list and the petition for a judgment, and in failing to give notice to a person to whom the land was assessed for taxation; but it is not contested that he had no interest in, or claim to, the land at the time it was assessed for taxation, or afterwards; that the collector's report did not specify the years for which the back taxes were levied; that the collector's report was in loose sheets, and was not corrected before the sale by marking the taxes that were paid after the advertisement and before the sale, and the list was not copied in the proper books, and the judgment was not signed by the county judge, and proper notice was not given. The evidence contradicts most of these allegations. Personal notice and publication were had on the parties in interest. Personal service was had on all the residents but Armstrong, who had no interest in the property when listed or at the time of the sale, and notice was given and publication was made. The loose sheets of the collector's report were read in evidence, which seems to have been in proper form, and they were filed by the clerk, and so indorsed, in consecutive order, and at the end is the affidavit of the collector. It was admitted the name of the judge was signed to the judgments by the county clerk, by the direction of the judge. The collector could not remember that he corrected this list, but had always done so before judgment was rendered. No tracts were marked paid, in the "Tax-sale and Redemption Record." On this evidence the circuit court rendered a decree perpetually enjoining the collector from

executing a tax deed to the holder of the certificate, and the record is brought to this court by appeal.

It is not denied that every cent of this tax was honestly and equitably due when the judgment was rendered and the sale was made. It is the doctrine of this court that equity will not enjoin the collection of taxes that are levied on property subject to taxation, and which are due and unpaid, where the tax is legally imposed. A court of equity will never interfere to enjoin the collection of taxes unless they are void, or levied without authority on the part of the officers executing the revenue laws. As long as such officers are acting under the law in imposing and collecting taxes, the courts will not interfere, only where they transcend their powers, and act without legal warrant. (*Ottawa Glass Co.* v. *McCaleb,* 81 Ill. 556.) Nor for the reason that the assessment is not strictly according to the letter of the law. (*Chicago, Burlington and Quincy R. R. Co.* v. *Siders,* 88 Ill. 320.) Numerous other cases in this court announce the same doctrine. The State and the government municipalities protect all alike and confer equal benefits on all, and it is eminently just that each person should, as required by the constitution and the plainest principles of natural justice, and the simplest rules of equity, contribute his proportionate share to support the government and its municipalities, that affords such protection and confers such benefits. It is inequitable and unjust to a community that any person should escape his fair share of the common burthens for the support of government. Equity, therefore, can not aid in the perpetration of such injustice and wrong.

If, then, there were no grounds for enjoining the tax, as we have seen, there can be no grounds for enjoining the collector from executing a tax deed to the holder of the certificate of purchase, as nothing subsequent to the sale has been shown requiring the interposition of a court of equity. If objections existed, they should have been made when appli-

cation was made for judgment. It would be highly inequitable and unjust to permit owners to lie by and permit judgment to go against their land, a sale to be made, the land purchased, and the tax to be paid by the purchaser, and then come in and restrain the collector from making a deed to the purchaser, and compel him to sustain the loss. There is no rule of law or principle of equity that will compel, or even requires, one man to pay the taxes of another, or discharge any of his duties to the public. Such injustice can never be tolerated by the courts,—and to enjoin the collector from making a deed in this case would produce that result. It was neither illegal nor inequitable for any person to purchase the land when exposed to sale for these delinquent taxes. On the contrary, public policy invites and encourages such purchases by the high rate of interest that the law gives the purchaser on a redemption from the sale. If it is placed on the ground that complainants may have the sale cancelled by an equitable redemption to remove a cloud from the title, then it is the settled law of this court that complainants must tender or offer to pay the holder of the certificate the purchase money and all taxes he has paid, with interest thereon, before he can have relief. (*Reed* v. *Tyler*, 56 Ill. 288; *Reed* v. *Reber*, 62 id. 240; *Farwell* v. *Harding*, 96 id. 32; *Barnett* v. *Cline*, 60 id. 205.) Other cases announcing the same rule might, if necessary, be cited. It is based on the fundamental rule that he who seeks equity must do equity.

The demurrer in this case should have been sustained, because the bill was defective in not offering to refund the money paid by the holder of the certificate at the tax sale, and for subsequent taxes, if any, paid by him; and the decree was erroneous because it did not require such payment as a condition to the relief sought, even if there were irregularities in the levying and collecting the tax which were not cured by the 191st section of the Revenue law, or even if

a court of equity is not precluded by the 224th section of the Revenue law, as amended at the session of 1879, (Laws of 1879, p. 253,) from trying any question except whether the tax was paid, or the land was not liable to the tax.

For the errors indicated the decree of the court below must be reversed, and the cause remanded.

*Decree reversed.*