## JOSEPH PEACOCK

### v.

## JOHN CARNES et al.

*Filed at Ottawa May 19, 1884.*

1.  SETTING ASIDE TAX SALE—*upon terms.* On bill in chancery to set aside a tax sale of land, the complainant must do equity; and if the purchaser at a tax sale, by his purchase, has discharged the lien of taxes upon the complainant's land, the court will require the money paid to discharge such lien, to be refunded, with interest, as a condition to granting the relief sought.

2.  SAME—*as to evidence of amount of taxes due.* A judgment of the county court, in 1878, against certain lots for taxes due thereon, in which judgment are included city taxes on the premises for the years 1873 and 1874, is sufficient evidence, on a bill to set aside a sale of the lots made under a subsequent judgment, that such taxes were due, and of their amount.

3.  PRESERVING THE EVIDENCE—*in chancery—certificate of evidence—findings in the decree.* A decree setting aside a tax sale of lots for taxes, and requiring the complainant to refund the taxes paid by the purchaser, found the amount of city taxes for the years 1873 and 1874. The certificate of evidence stated that it contained all the evidence heard, but did not embrace these taxes. It also showed that certified copies of the judgment and sale for the city taxes of those years, etc., were given in evidence, and yet neither of these copies was preserved in the certificate: *Held,* that as the certificate, taken as a whole, showed it did not contain all the evidence, this court could not say the findings in the decree were not sustained by the proofs.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN A. JAMESON, Judge, presiding.

Mr. CONSIDER H. WILLETT, and Mr. GEORGE L. THATCHER, for the appellant.

Messrs. J. P. & T. R. WILSON, for the appellees.

Mr. CHIEF JUSTICE SHELDON delivered the opinion of the Court:

In this case Joseph Peacock filed his bill for a perpetual injunction against the county clerk of Cook county, to restrain

him from issuing a tax deed upon tax certificates of sale held by John Carnes. The bill alleges that the tax certificates describe the property sold as lots 10, 11 and 12, block 107, school section addition to Chicago, and that the county clerk threatened and insisted that upon such certificates he would issue a tax deed, conveying property owned by complainant, of the following description: lots 10, 11 and 12, in Stowell's subdivision of blocks 106 and 107, school section addition to Chicago. The court decreed the relief sought, upon the condition of the payment of $4839.36, (the amount, with interest, of the bid at the tax sale,) which amount had been applied to the payment of the taxes and penalties due and delinquent upon the last described lots, owned by complainant. On appeal to the Appellate Court for the First District the decree was affirmed, and complainant appeals to this court.

It is insisted that the condition in the decree is erroneous. It has been frequently held by this court, in applications of this character in a court of equity to have set aside tax sales, that the complainant must do equity, and if the purchaser at tax sale, by his purchase, has discharged the lien of taxes upon the complainant's land, that the money paid to discharge such lien should be refunded, with interest, as a condition of his having relief in a court of equity. (*Moore* v. *Wayman*, 107 Ill. 192; *Reed* v. *Tyler*, 56 id. 288; *Farwell* v. *Harding*, 96 id. 32; *Barnett* v. *Cline*, 60 id. 205.) The decree found all the facts, which, according to the foregoing and other decisions, made it a proper condition of the relief granted that complainant should refund to defendant Carnes the taxes upon the former's land, which had been discharged by the tax sale to Carnes.

It is claimed, further, that the decree is not sustained as to the amount of taxes which it requires to be paid as the condition of relief. The tax sale was made on October 11, 1880, under a judgment on a return of lands delinquent under a warrant issued for the collection of the taxes for the

year 1879, and prior years, to and inclusive of the year 1873.
It is in respect of the city taxes of Chicago for the years 1873
and 1874, that this claim is made. Although the decree finds
the amount of the city taxes for those years, yet there is a
certificate of evidence in the case which states expressly that
it contains all the evidence offered or given on the hearing,
and the city taxes for those years are not embraced in the
certificate, therefore it is said the certificate of evidence must
control, and it does not warrant the finding of fact by the de-
cree of the amount of these taxes for those years, so that as
respects those taxes the decree is not supported by the proofs.

It appears from the certificate of evidence that defendants
offered in evidence a certified copy of the judgment, and sale
under the warrant, for the city taxes of 1873 and 1874, and
also the warrant issued for the taxes of 1879, and previous
years, and also a copy of the judgment and order of sale on
which the sale in question took place, all of which documents
were objected to by complainant, objections overruled, and
exceptions taken, from which we understand these documents
were in evidence, yet neither of them is preserved in the
certificate of evidence. Hence, although the certificate does
purport to contain all the evidence, it appears upon its whole
showing that it does not,—that from some cause these docu-
ments were not preserved, and without them we can not say
that the findings in the decree were not sustained by the
proofs. Further, there was in evidence the judgment for the
year 1878, in which complainant's lots were properly de-
scribed, and in that judgment were included these taxes for
1873 and 1874, and under it the lots were forfeited for said
taxes, and the amount of such forfeiture, including said taxes,
was brought forward and included in the sale set aside by the
decree. That judgment of the county court would be suffi-
cient evidence that said taxes were due, and of their amount.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*