JACOB BEAIRD ET AL., Ex'rs, etc.

v.

JOHN WOLF, Ex'r, etc.

ADMINISTRATION OF ESTATES—PAYMENT OF CLAIM BY MISTAKE.—If the executor by a mistake pays a claimant more money than he is entitled to receive, without an order of court, the mistake is one which can in no way be allowed to affect the settlement of the estate. No action, therefore, to recover the same, can be properly brought in behalf of the estate.

ERROR to the Circuit Court of Richland county; the Hon. WILLIAM C. JONES, Judge, presiding. Opinion filed April 15, 1886.

Messrs. WILSON & HUTCHINSON, for plaintiffs in error.

Messrs. GIBSON & JOHNSON, for defendant in error.

WILKIN, J. This case is substantially the same as that of Charles T. Foskett against John Wolf, 19 Bradwell, 33, decided at this term on appeal from the Circuit Court of Richland county.

In that case the suit was brought by Wolf, in his individual name; in this he files a claim as executor of E. J. French, deceased. If the executor by mistake paid John B. Gharst more money than he was entitled to receive, without an order of court, the mistake is one which can in no way be allowed to affect the settlement of the estate. People, etc., v. Phelps, Adm'x, 78 Ill. 147.

The claim is therefore improperly filed on behalf of the estate of Edward J. French, deceased.

It is insisted by counsel for defendant in error, that the

Beaird v. Wolf.

merits of this case can not properly be considered for the reason that the bill of exceptions, while purporting to contain all of the evidence, shows upon its face that certain documentary evidence introduced upon the trial is omitted, and that therefore we must presume that proper evidence was before the court below to sustain its judgment, and in support of this position Peacock v. Carnes, 110 Ill. 99, is cited.

The bill of exceptions recites that "the plaintiff offered in evidence the inventory, sale bill, and the claims probated against the estate, and the receipt of John B. Gharst for the amount of money paid him;" that the court remarked, "these may be all considered in evidence if no objection be made." Assuming that these papers were received in evidence and should have been copied into the bill of exceptions, we do not understand the case cited to go to the extent of holding that from their omission we must presume that other and independent proofs were introduced, to which no reference whatever is made. If this court could see that the omitted documents could with the evidence contained in the bill of exceptions be held to sustain the judgment, then the presumption would be indulged that such documents contained the necessary facts to make out the case. But from this omission we will not presume that reports by the executor and orders of the court, essential to his right to recover and not referred to or copied in the bill of exceptions, were introduced in evidence. For the reason stated in the case of Foskett against Wolf, and because the claim is improperly filed on behalf of the estate of E. J. French, this case is also reversed and remanded.

Reversed and remanded.