## CHARLES F. FOSKETT
### v.
## JOHN WOLF.

ADMINISTRATION—PAYMENT OF CLAIMS.—It is for the county court to say what per cent. upon claims estates will pay, and on a final settlement of the estate, the executor will be required to pay creditors *pro rata* regardless of the fact that a part of them have received their claims in full. Whether or not he can then recover back the amounts paid them without any order of court, *quære.* He certainly can not before such final settlement.

APPEAL from the Circuit Court of Richland county; the Hon. WILLIAM C. JONES, Judge, presiding.  Opinion filed April 25, 1886.

Messrs. WILSON & HUTCHINSON, for appellant.

Messrs. GIBSON & JOHNSON, for appellee;  as to the right to recover money paid through a mutual mistake of facts, cited City Bk. v. Bk. of Albany, 1 Hill (N. Y.), 287;  Wheaton v. Olds, 20 Wendell, 174;  Watson v. Woolverton, 41 Ill. 241;  Alderson v. Ennor, 45 Ill. 128; Belden v. Perkins, 78 Ill. 449; International Bk. v. Bartalott, 11 Bradwell, 620.

When an administrator, supposing an estate solvent, pays a

creditor of the estate more than his distributive share, the administrator may, *in his individual character*, recover back the excess in an action for money had and received: Walker v. Hull, 17 Mass. 380 ; Rogers v. Weaver, 5 Ham. 536.

WILKIN, J. Appellee was appointed executor of the last will of E. J. French, deceased, March 10, 1880.

Prior to the 17th of August, 1880, claims amounting to several thousand dollars had been probated and allowed against the estate by the County Court of Richland county, and on an order of distribution appellee paid thirty cents on the dollar of such claims. Appellant having a claim at that time so allowed, amounting to $560.45, was on that day paid $164.52. Afterward without any order of the court, and without any report showing the condition of the estate, appellee proceeded to pay the claims in full, supposing that all debts existing against the estate had been presented, and that the assets were ample to pay all liabilities ; and, on the 15th of October, 1880, he paid appellant $395.93, balance of his claim in full. Afterward and within two years from the grant of letters, additional claims were presented, and allowed against the estate, and thereupon it proved to be insolvent, and as appellee now claims, will pay but seventy cents on the dollar of seventh class claims. He therefore brings this suit to recover back thirty per cent. of appellant's claim. There has been no settlement of the estate; the seventy per cent. has not been paid on the subsequently allowed claim. No order of court has been made fixing the *pro rata* amount to be paid to creditors. There is no evidence in the record to show that the court has ever found the estate to be insolvent. The theory of appellee's case is that thirty per cent. of the amount paid appellant was paid him by mistake, and that he therefore may recover the same in this action as so much money had and received to his use. If it is conceded that the money was paid under a mistake of fact within the rule of law authorizing its recovery, still this action can not be maintained for at least two reasons: In the first place appellee has so far sustained no individual loss. He did not pay appellant his money, but that of the

estate of Dr. French; nor has he since paid out his own money to reimburse the estate for money belonging to it paid out by mistake. How can it then be said, that appellant has money in his hands belonging to appellee, which in equity and good conscience he ought not to retain?

In the second place there has been no such action of the County Court of Richland county in the settlement of the estate as would be necessary in any event to enable appellee to recover. It is not for the executor, nor was it for the trial court to say what per cent. that estate will pay. Secs. 111 and 112, chapter 3, R. S., makes it the duty of the county court to sett'e that question and provides the manner in which it shall be done. The whole amount of money received by appellant was due him, and he was legally entitled to receive it unless the estate was insolvent, and then he would be entitled to receive whatever amount the County Court of Richland county should by its order apportion him. In other words, when appellee seeks to compel appellant to refund thirty cents on the dollar, on the hypothesis that the estate will only pay seventy cents on the dollar, he must support that hypothesis by the order of the county court as provided in Sec. 112, *supra;* until he does so appellant has a right to say, "You were mistaken when you paid my claim in full, and you may be mistaken in fixing the amount to be refunded."

It is said in argument that the evidence shows that the estate will pay less than seventy cents on the dollar of seventh class claims. If we assume that the county court will allow all the credits claimed by appellee and that he will realize nothing on the notes ordered to be compounded, it may be made to so appear; these are questions not to be assumed but to be settled by the county court on the executor's reports. On a final settlement of the estate appellee will of course be required to pay creditors *pro rata* regardless of the fact that a part of them have received their claims in full: People, etc., v. Phelps, Adm'x, 78 Ill. 147; and when he has done so the question will properly arise between him and the creditors paid in full as to whether he can recover back the amount paid them without any order of court, in excess of their *pro rata* amount.

In the present condition of the record it is not necessary to decide that question, and we express no opinion upon it.

For the reasons stated, the case is reversed and remanded.

Reversed and remanded.