JACOB BEAIRD ET AL., EXECUTORS, ETC., OF J. B.. GHARST, DECEASED,

v.

JOHN WOLF, EXECUTOR, ETC., OF E. J. FRENCH, DECEASED.

*Administration—Payment—Mistake—Cause of Action—When Accrued —Former Adjudication.*

1. Where an executor has by mistake paid a claimant more than he is entitled to receive, without an order of court, no action in behalf of the estate can be maintained to recover the excess so paid.

2. Where one who, as the executor of an estate, has paid a claimant a dividend in full with his own means, seeks to recover the amount from the estate of such claimant, the record must show at what time he paid such dividend.

[Opinion filed June 7, 1887.]

IN ERROR to the Circuit Court of Richland County; the Hon. WILLIAM C. JONES, Judge, presiding.

Messrs. WILSON & HUTCHINSON, for plaintiffs in error.

Messrs. GIBSON & JOHNSON, for defendant in error.

GREEN, J. The views of this court upon the main questions presented by counsel will be found fully expressed in the opinion filed in the cases of Foskett v. Wolf, 19 Ill. App. 33, and Beaird v. Wolf, 19 Ill. App. 36, and it is only necessary to say here, the evidence in this record shows that in July, 1886, the estate of French (of whose will Wolf was executor) was settled, and at that time the full dividend allowed on seventh-class claims had been paid, but the record does not show at what time. *Wolf, with his own means,* paid such dividend in full, and to entitle him to recover his claim against the estate of Gharst, the evidence must show a cause of action accrued at the time. This is not shown. Counsel for Wolf, in their brief, suggest great hardships will be suffered by him if this claim be not allowed, but he could have avoided loss by observing and obeying the plain provisions of the statute prescribing his duties as executor, and if loss is suffered by him it results from his disregard of those provisions. The judgment of the court below is reversed.

*Reversed.*