## Felix Przckwas v. Illinois Steel Company.

1. PRESUMPTIONS—*Where the Bill of Exceptions Does Not Purport to Contain all the Evidence.*—Where the bill of exceptions does not purport to contain all the evidence, the court is bound to presume there was sufficient evidence before the trial court to justify its direction to the jury to find the defendant not guilty, and also to sustain its verdict.

**Action in Case,** for personal injuries. Trial in the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Verdict and judgment for defendant by direction of the court; appeal by plaintiff. Heard in this court at the October term, 1898. Affirmed. Opinion filed April 17, 1899.

**Statement of the Case.**—Appellant was injured while employed by appellee in the movement of certain push cars, used to convey ore to its yard, on September 14, 1895. He brought suit, charging appellee with negligence in loading the ore so that in the movement of the cars it fell off and struck him; also that a push car which was negligently loaded and in a bad state of repair and condition, ran off the tracks; that he was commanded by his foreman to leave the work he was employed to do and assist in putting the car on the tracks; that he refused, and was again commanded by the foreman to so assist, and through fear of losing his employment, he did assist in putting the car on

the tracks, and while so engaged, and in the exercise of reasonable care, the car being in an unsafe condition, dumped the ore, which threw appellee to the ground, injuring him, etc.

The general issue being pleaded, a trial was had before the court and a jury. At the close of all the evidence offered by both parties, the court instructed the jury to find the defendant not guilty, when appellant asked that the jury be polled; but the court refused, and directed the clerk to enter a verdict of "not guilty," which was done, and after overruling appellant's motion for a new trial, entered judgment on the verdict, from which the appeal is taken.

WORTH E. CAYLOR and WILLARD GENTLEMAN, attorneys for appellant.

KEMPER K. KNAPP, attorney for appellee.

MR. PRESIDING JUSTICE WINDES, delivered the opinion of the court.

The only question presented by appellant is, whether there was error in instructing the jury to find the defendant not guilty.

The bill of exceptions does not purport to contain all the evidence, but a statement in what purports to be a report of the proceedings upon the trial, and forming a part of the bill of exceptions, in these words, viz., "which was all the evidence," is stricken out. Counsel for appellant, in oral argument, stated that he supposed these words were stricken out by him.

In this state of the record, we are bound to presume there was sufficient evidence before the court to justify its direction to the jury, to find the defendant not guilty, and also to sustain its judgment. Miner v. Phillips, 42 Ill. 129; Schmidt v. Ry. Co., 83 Ill. 412; Cogshall v. Beesley, 76 Ill. 445; Culliner v. Nash, Id. 515.

We had, however, before reaching the above conclusion, made a careful examination of the evidence, guided by the

argument of appellant's counsel, and are unable to say from such examination that the evidence was sufficient to justify its submission to the jury.

A model of the push cart, the dumping of which it is alleged caused appellant's injury, was exhibited to the court and jury during the examination of the witnesses as to the cause and circumstances of the accident. The witnesses were examined with reference to the working and mechanism of the car, and in answer to questions it appears that by certain indications and illustrations, the nature of which do not appear in the record, the witnesses explained to the court and jury, by the use of the model, the working and mechanism of the car, and how the accident was caused. This model was not offered in evidence, though appellant's counsel stated he so intended, and not having it before us, we are unable to determine from the statements of the witnesses, whether there was sufficient proof of appellee's negligence to justify the submission of the case to the jury. For all that we can tell, an examination of the model in the light of the testimony of the witnesses, their explanations and illustrations, may have convinced the learned trial judge that the accident could not have been caused for the reasons alleged by appellant.

For both the reasons stated the judgment is affirmed.