Dahl v. Macdonald Engineering Co.

---

**Herman Dahl, Defendant in Error, v. Macdonald Engineering Company, Plaintiff in Error.**

**Gen. No. 13,852.**

1. VERDICT—*when presumption arises that evidence sustains.* The presumption is that a verdict is sustained by the evidence where all the evidence which was heard and considered by the jury is not presented to the Appellate Court, as in this case, a model which was before the jury and used by the attorneys for both parties and which is essential to the full understanding of questions and answers.

2. INSTRUCTIONS—*when errors in, will not reverse on appeal from judgment in Municipal Court.* Errors in instructions will not reverse a judgment rendered by the Municipal Court unless the Appellate Court is "satisfied" that such judgment "is contrary to the law and the evidence."

Action in case for personal injuries. Error to the Municipal Court of Chicago; the Hon. ARNOLD HEAP, Judge, presiding. Heard in this court at the October term, 1907. Affirmed. Opinion filed May 18, 1908.

**Statement by the Court.** Defendant in error was plaintiff, and plaintiff in error was defendant in the trial court. The plaintiff's claim, as set forth in his bill of particulars, is substantially for permanent personal injury, which he claims was caused by defendant negligently ordering him to work in a dangerous and unsafe place, with unsafe instrumentalities, and that defendant negligently failed to furnish a sufficient number of men, and that his foreman was unskilled and incompetent. The cause was tried by the court and a jury. The jury found for the plaintiff and assessed his damages at $1,000, and the court overruled a motion of defendant for a new trial and rendered judgment on the verdict.

F. J. CANTY, R. J. FOLONIE and GEORGE PFIRSHING, for plaintiff in error.

JACOB C. LEBOSKY, for defendant in error.

MR. JUSTICE ADAMS delivered the opinion of the court.

The plaintiff is a structural iron worker, and had been engaged in that business for twenty-three years at the time of the accident. He was employed by the defendant, the Macdonald Engineering Co., which company was also engaged in the structural iron business, and, at the time of the accident, was engaged in that business at a grain elevator situated on the Chicago river near Ashland avenue in the city of Chicago. November 6, 1906, the plaintiff and one Johnson were at work on a scaffold between two chutes of the elevator, endeavoring to adjust in place an iron platform, which was to be a permanent fixture, around a chute. The plaintiff supported one end of the platform on his shoulder. The other end of it was propped up by a piece of scaffolding 1 by 4 or 2 by 4, and several feet in length. The machinery of the elevator was in operation at the time. The evidence tends to prove that there

was a jar or shaking, and that the piece of scantling holding up the end of the iron platform fell or slipped, and the end which the plaintiff was supporting on his shoulder fell, and his left hand was caught between the platform and a ladder, which he had hold of in order to brace himself, with the result that the index finger of his left hand was permanently injured. The weight of the iron platform is variously estimated by the witnesses at from sixty-five to one hundred and fifty pounds. A model was put in evidence by the plaintiff, without objection by defendant's attorney, of which plaintiff's counsel say: "A model of the entire situation was introduced in evidence by the plaintiff. It consisted of ten pieces and showed the iron 'legs' or 'chutes,' the iron platform, the iron ladder, the shoring of the iron platform, and the parts and construction of the 'staging' or 'scaffolding,' with its wooden 'bents' and wooden 'legs'. It was upon this scaffolding that the plaintiff was standing at and before the time in question."

George Scanlon, witness for plaintiff, testified, referring to the model, which was in the presence of the jury. Dahl, the plaintiff, was examined and cross-examined, referring to the model, and his answers were, in part, by way of indicating places on the model. Northrup, defendant's witness, referred to the model in his answers, and so also did Johnson, defendant's witness, both in direct and cross-examination. The presiding judge certifies that the evidence in the bill of exceptions "was all the evidence offered or received on the hearing of the above entitled cause;" yet the bill of exceptions, itself, shows that the model was put in evidence.

It is assigned as error that the verdict is contrary to the evidence; also that it is unsupported by the evidence, and the chief contest between the parties is in respect to these assignments of error.

Now, in order to pass intelligently or safely on these questions, we should have before us the same

evidence which was before the jury. The model was before the jury, and they had an opportunity of judging of the safety of the scaffold by seeing or observing the model. It was used by the attorneys for both the parties in examining the witnesses, and in numerous instances the witnesses answered by referring to the model and indicating parts of it, so that the answer of a witness could only be understood by one having both witness and model before him. The evidence was material and, for aught we can know, may have influenced, or even induced the verdict. In this state of the record we cannot say that the verdict is not supported by the evidence, or that it is manifestly contrary to the weight of the evidence. On the contrary, we must presume that it is in accordance with the evidence. Przckwas v. Ill. Steel Co., 82 Ill. App. 309; Holton v. Darling, 84 *ib.* 488; Miller v. Cobden B'g Ass'n, 119 *ib.* 39; N. Chicago St. R. R. Co. v. Eldridge, 51 *ib.* 430, 434; C., B. & Q. R. R. Co. v. Burton, 53 *ib.* 69; Garrity v. Hamburger Co., 136 Ill. 499, 513-14.

In Leon Christy v. Schwarzschild, Nat. Corp. Rep. April 9, 1908, p. 283, recently decided by the U. S. Court of Appeals for the Seventh District, the following appears in the statement of the case by the court:

"It does not appear just how the cables caught the plaintiff, or whether he was standing within their coils. He says they unwound around him, in around him and alongside of him, and that he did not change his position at any time before the accident. 'Before the car fell there was no cable around me or in front of me.' 'It was right alongside of me, the right side as I was facing the drum.' He further testified that he assisted Manhoff to straighten out the cables so far as to get his hands on them and pull them. After he was caught in the cables he says: 'My feet were in this shape (indicating) and my head was like that (indicating). I should judge my feet were two feet or so above the floor. I was lying on my side like that (indicating).' By reason of this inexcusable fault of

Dahl v. Macdonald Engineering Co.

permitting a witness to 'indicate' something which cannot possibly be preserved in the record, it is impossible to get any clear notion of just how the accident really happened." The court, Mr. Justice Sanborn delivering the opinion, say: "The condition in which the record comes to us makes it also necessary to hold the plaintiff chargeable with contributory negligence. Plaintiff was permitted to 'indicate' and 'illustrate' his testimony by signs and gestures which are not explained, but which were entirely intelligible to the trial court. It thus happens that important, perhaps vital, evidence is not before us. If this evidence were here it might be clear from the way plaintiff was caught in the cables that he carelessly placed himself in a dangerous position. To authorize reversal error must clearly appear. The trial court, with all the evidence before it, directed a verdict for defendant. Some of the evidence being omitted we cannot say this was error. Consolidated Stone Co. v. Summit, 152 Ind. 297. Although the bill of exceptions is certified to contain all the evidence offered, heard or taken at the trial, yet the omission of matters apparent on its face, which might have been controlling of the decision below, must lead to affirmance of the judgment."

Objections are made to the giving and refusal of instructions, which are not necessary to be considered, as by section 23 of the Municipal Court Act we are precluded from reversing a judgment unless we are satisfied that it "is contrary to the law and the evidence."

The judgment will be affirmed for the reason that material evidence which went to the jury is not before us.

*Affirmed.*