Philip E. Schaefer et al., Defendants in Error, v. Emil Eiger et al., Plaintiffs in Error.

## Gen. No. 15,261.

MUNICIPAL COURT—*when presumption prevails that judgment was sustained by evidence not preserved in the record.* Notwithstanding the certificate of the judge that all the evidence heard is certified up, yet if the fact otherwise appears the appellate court will presume that the findings of fact made by the court were sustained by evidence heard but not preserved.

· Assumpsit. Error to the Municipal Court of Chicago; the Hon. WILLIAM N. COTTRELL, Judge, presiding. Heard in this court at the March term, 1909. Affirmed. Opinion filed October 6, 1910. Rehearing denied October 20, 1910.

ADLER, LEDERER & SCHOENBRUN, for plaintiffs in error.

CRATTY BROS. & JARVIS, for defendants in error.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

This is an appeal from a judgment obtained by defendants in error in a suit to recover the value of "leather sweats" shipped by them to plaintiffs in error upon a written order, which though not shown in the record is said to have been for "40 gross shipped by freight, 10 gross shipped by express, leather sweats like sample, to be reeded: 10 gross black, 40 gross white and to be shipped to G. S. Bracher, 24 West 3rd Street, New York City." Defendants in error filled the order by shipping "the very highest grade of pebble skins" that they had in stock at the time, costing it is said three times as much as the sample which accompanied the order, and which as appears from the abstract was admitted in evidence in the trial court. This sample as well as other samples introduced in evidence do not accompany the record and are not before us. The leather shipped is still in possession of plaintiffs in error. The court found in favor of the defendants in error, plaintiffs in the suit, and entered judgment against the defendants for $325.

The record contains the following statement by the trial court:

"There was a trial by the court without a jury and the following questions of law arose upon the trial of said cause, to-wit: Plaintiffs claimed that by directing plaintiffs to send the goods to Bracher to be reeded the defendants constituted said Bracher their agent to receive and reed the goods as far as plaintiffs were concerned, and that plaintiffs were bound to send said goods to Bracher and to none other; that an agent to receive goods has the right and power either to accept or reject them, and that the act of Bracher in receiving, reeding and stitching the leather sweats was an act of acceptance of the goods which became binding upon the defendants; that acceptance of goods after examination or reasonable opportunity for examination constitutes a waiver of the defendants' right to rescind the sale thereof, though

not of their right to recoup damages. Defendants claimed that Bracher could not accept the goods for them; that Bracher was a reeder and not an agent to accept or reject the goods; that defendants never had an opportunity to examine the goods and objected to said goods as soon as they became aware that said goods were not in accordance with sample. The court held that Bracher was the agent for the defendants to accept or reject said goods; that in proceeding to reed said goods he accepted them for defendants whether they conformed to sample or not."

The decision of the court is clearly based upon the written order of plaintiffs in error in accordance with which the goods in question were shipped to Bracher. This order was introduced in evidence and marked "Exhibit A." It is not however contained in the record. Evidence therefore upon which the court based its finding is not before us.

It is urged by the attorneys for defendants in error that the judgment should be affirmed because it affirmatively appears from the statement of facts by the attorneys for plaintiffs in error and from the certificate of the trial judge that evidence essential to the determination of the cause is omitted from the transcript of the record. It is we think apparent the certificate of the trial judge that the evidence therein set forth "was all the evidence offered and received" cannot overcome what otherwise affirmatively appears therein, namely, that evidence which probably bore on the question at issue was introduced at the hearing, but is not contained in the certificate, which purports to contain a "correct statement of the facts appearing upon the trial." It has been repeatedly held as in Seaverns v. Lischinski, 82 Ill. App. 298, 305, and cases there cited, that under these circumstances "we are bound by intendment of law to conclude that the evidence omitted from the record would sufficiently supply whatever is necessary if anything to sustain" the finding. In this case as in that case it is true that "no question of law is argued that does not depend upon questions of fact, that as seen, may not be considered by us under the incomplete" certificate. To the same effect are Henning v. Williams, 70 Ill App. 199;

Peacock v. Carnes, 110 Ill. 99–101, and others. In the case last referred to it is said that "although the certificate does purport to contain all the evidence, it appears upon its whole showing that it does not; that from some cause these documents were not preserved; and without them we cannot say that the findings in the decree were not sustained by the proofs."

Although in this state of the record we are not at liberty to base our decision in the case on the question of law raised by attorneys for plaintiffs in error, it is nevertheless not improper for us to say that assuming the evidence and defendants' order for the goods to have been as hereinbefore stated and as set forth in the abstract and brief of plaintiffs in error, we find no error in the ruling of the trial court to which objection is made, nor in the judgment entered accordingly.

The judgment of the Municipal Court will be affirmed.

*Affirmed.*