# Eugene Wicks, Appellee, v. Christian Ramsaier, Appellant.

## Gen. No. 15,908.

MASTER AND SERVANT—*when former liable to inspect and latter merely to observe.* If the obligation rests upon the master to use reasonable care to furnish a reasonably safe appliance, he owes the duty of inspection while the servant's obligation is limited to that of observation.

Action in case for personal injuries.    Appeal from the Superior Court of Cook county; the HON. GEORGE A. DUPUY, Judge, presiding.   Heard in this court at the October term, 1909.   Affirmed.   Opinion filed December 21, 1911.   *Certiorari* denied by Supreme Court (making opinion final).

THATCHER, GRIFFEN & WRIGHT, for appellant; ALONZO M. GRIFFEN, of counsel.

JOHN C. KING and JAMES D. POWER, for appellee.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

This is an appeal from a judgment of the Superior Court for $1,500 in favor of Eugene Wicks against Christian Ramsaier. The judgment was rendered on the verdict of a jury. The action was for personal injuries suffered by the plaintiff through the alleged negligence of the defendant.

The plaintiff Wicks was a tuck-pointer by trade, and the defendant Ramsaier a building contractor. Ramsaier had constructed a cement block building for one De Rosa and made some arrangement with Wicks to tuck-point the wall between the joints of the blocks. The nature of the arrangement is in dispute between the parties. Wicks says he was working as an employe hired by Ramsaier by the day. Ramsaier says Wicks had a contract from him for an entire price, and was an independent contractor. Not all the testimony on this point was either clear or satisfactory if it is accurately reported in the record; but the question was distinctly raised before the jury, and the plaintiff swore distinctly that he was working as an employe by the day, and not under an independent contract as an entirety. The defendant contradicted him and insisted that there existed such a contract. The jury were instructed at the defendant's instance that if they found from the evidence that the plaintiff agreed to perform the work of tuck-pointing the building upon which he was working when the accident complained of occurred at a specified sum for the job, and that in the performance of said job of tuck-pointing said building the plaintiff was not under the control of the defendant, then the plaintiff was not an employe of the defendant and they should find the defendant not guilty. Their verdict of guilty, afterwards rendered, shows that they passed on this question unfavorably to the defendant,

and we do not feel that we are justified in disturbing their decision on what was really an issue of credibility.

If Wicks was the employe or servant of Ramsaier in doing the work, it certainly was Ramsaier's duty to use reasonable care to furnish him reasonably safe appliances with which to do it, unless Wicks took this duty out of his hands by insisting on his own appliances; and Ramsaier, if this was his duty, is liable to the plaintiff for a breach of it, unless Wicks was guilty of contributory negligence by using an appliance, the danger of which was manifest.

The injury which the plaintiff suffered came, the plaintiff alleged in his declaration and swore in his testimony, through the breaking of a rope which held up the scaffold on which he was working. Although the defendant suggests, as a more plausible theory, that the rope pulled away from its fastening at the end, there is no evidence contradicting the statement, both of the plaintiff and his brother, that the rope broke. As to its being furnished by the defendant and not chosen on his own motion by the plaintiff, although there is no dispute that the rope belonged to Ramsaier and was on his premises when Wicks took it to use, there is a contradiction as to how and why Wicks so took it. Wicks, however, testified that Ramsaier specifically directed him to take the rope, and on this point again we do not think ourselves justified in setting aside the verdict of the jury, in which inhered the decision that the rope was an appliance furnished by the defendant.

It is argued that if the rope was defective, the defendant is not shown to have had any knowledge or means of knowledge of the fact not equally in possession of the plaintiff. If the obligation rested on the defendant to use reasonable care to furnish a reasonably safe appliance, he had a duty of inspection, while that of the plaintiff was limited to observation. Armour

v. Brazeau, 191 Ill. 117; Illinois Steel Company v. Mann, 100 Ill. App. 367.

As to the condition of the rope and whether "observation" alone would have shown the danger if it existed, or whether "inspection" would have shown it, we cannot judge so well as the jury could, for they saw the pieces of rope which were offered and received in evidence, as Plaintiff's Exhibit A and Defendant's Exhibit 2, but which were not made part of the bill of exceptions, as they might have been, and consequently were not brought up here. The certificate of the trial judge indeed is not that all the evidence produced is in the bill of exceptions, but merely all the testimony.

In such a state of the record we ought not to disturb the finding of the jury on the facts as being clearly and manifestly against the weight of the evidence. Dahl v. McDonald Engineering Company, 141 Ill. App. 187, and cases there cited; Schaefer v. Eiger, 157 Ill. App. 206; Andrzejewski v. Hill, 161 Ill. App. 376.

We are not saying that we cannot consider the assignment of error involved.

In Seaverns v. Lischinski, 181 Ill. 358, the Supreme Court, while affirming the Appellate Court, declared the incorrectness of such a rule applied where material objects sufficiently described were not made a part of the bill of exceptions, although offered as exhibits below; but we are holding that in this case in the absence from the record here of competent evidence which may have materially influenced the verdict, we cannot hold that verdict manifestly against the weight of the evidence.

If the defendant was liable, we do not consider the damages excessive under the evidence regarding the injuries of the plaintiff.

The judgment of the Superior Court is affirmed.

*Affirmed.*