CHARLES BALLANCE

*v.*

GEORGE LEONARD.

37    43
67a 251

37    43
70a 375

1. BILL OF EXCEPTIONS—*must contain the evidence referred to.* Where the bill of exceptions does not purport to contain all the evidence, the verdict of the jury will not be questioned. The court must, in such case, presume it is supported by the evidence.

2. DOCUMENTARY EVIDENCE—*admission of.* So in admitting documentary evidence, such as a deed, the court cannot say, without the evidence is on record, whether it was or not properly admitted.

3. INSTRUCTIONS—*must be in bill of exceptions.* This court cannot pass upon instructions, if they are not brought into the record.

ERROR to the Circuit Court of Peoria county; the Hon. M. WILLIAMSON, Judge, presiding.

This was an action of forcible entry, brought by Charles Ballance against George Leonard, before a Justice of the Peace of Peoria county, where a trial was had and a verdict and judgment for the plaintiff.

On appeal to the Circuit Court of that county, there was a verdict and judgment for the defendant.

The plaintiff brings the case to this court by writ of error, and several errors are assigned, among which are that of admitting a deed from one Marshall to Barton as evidence on the part of the defendant.

In refusing to give proper instructions asked for by the plaintiff.

In giving improper instructions on behalf of the defendant.

Mr. CHARLES BALLANCE in proper person.

Messrs. McCULLOCH and TAGGART for the defendant in error.

Mr. JUSTICE BREESE delivered the opinion of the court:

It has been again and again ruled by this court, that when a bill of exceptions does not purport to contain all the evidence, the verdict of the jury will not be questioned. We cannot enquire in such case, if the verdict is supported by the evidence, but must presume that it is. *Warner* v. *Carlton*, 22 Ill., 422; *Stickney et al.* v. *Cassell* 1 Gilman, 420; *Harris et al.* v. *Winer*, 28 Ill., 138.

So with respect to Marshall's deed, we cannot say, all the evidence not being before us, whether it was properly admitted or not.

Nor can we pass upon the instructions, as they are not incorporated into the record. The judgment must be affirmed.

*Judgment affirmed.*