## WATSON v. HAHN.

CONSIDERATION — *equitable right will support express promise.* If the remedy, by second indorsee of a promissory note against first indorser, is in equity alone, this equitable right is sufficient to support an express promise upon which he may recover at law.

PLEADING AND EVIDENCE — *common counts.* In an action by the second indorsee of a promissory note against the first indorser, the plaintiff may recover upon evidence of an express promise under the common counts.

PRESUMPTION *in favor of judgment below.* Where the bill of exceptions does not contain all of the evidence given on the trial in the court below, the court will presume that the finding of the district court is correct.

PRACTICE — *objection to testimony must be specific.* Upon a general objection in the court below, to copies of papers offered in evidence, it cannot be alleged in this court that there was not sufficient evidence of the loss of the original papers to warrant the use of copies; that objection should have been made in the district court.

*Error to District Court, Gilpin County.*

Mr. L. C. ROCKWELL, for appellant.

Mr. S. B. HAHN, *pro se.*

HALLETT, C. J.   Assumpsit by second indorsee against first indorser of a promissory note, and demurrer to special counts in the declaration overruled; plea of general issue to the common counts, and trial to the court and judgment for the plaintiff.

Upon the question raised by the demurrer, the supreme court held, under a Virginia statute in some respects similar to ours, that an indorsee of a promissory note could not sue

a remote indorser at law (*Mandeville* v. *Riddle*, 1 Cranch, 290), and that the remedy was by bill in equity. *Riddle* v. *Mandeville*, 5 Cranch, 322. In Illinois, whence our statute was obtained, the rule is otherwise. *Clifford* v. *Keating*, 3 Scam. 250.

However this may be, defendant in error proved an express promise to pay, and upon this he may recover under the common counts. According to the case in 5 Cranch, defendant in error was entitled to recover in equity if the law is as claimed by plaintiff, and this equitable right will support the express promise upon which an action at law may certainly be maintained. 1 Pars. on Cont. 444. Therefore it is not necessary to inquire whether the demurrer was properly overruled, and we express no opinion on the point. Again, it does not appear that the bill of exceptions contains all of the evidence given on the trial in the court below, and we will presume that the finding of the court is correct. *Ballance* v. *Leonard*, 37 Ill. 43.

Copies of certain papers were received on the trial, to which plaintiff in error objected generally, but this objection cannot be renewed here. If there was not sufficient evidence of the loss of the original papers to warrant the use of copies, that objection should have been made in the court below. As to the depositions, some of the testimony was irrelevant, but we cannot reverse the judgment for that reason. The testimony is abundantly sufficient to support the judgment of the court, and that which is irrelevant and immaterial could not have had any influence in determining the issue.

The judgment of the district court is affirmed, with costs.

*Affirmed.*