# William H. Cogshall

## v.

# John M. Beesley, Guardian, etc.

1. Amendment—*of declaration after verdict.* Under the practice act of 1874, the court may allow the plaintiff, after verdict against two defendants, to amend his declaration by discontinuing the suit as to one of the defendants.

2. Bill of exceptions—*must show that it contains all the evidence.* Where a bill of exceptions fails to show that it contains all the evidence,

76 445
24a 604

76 445
33a 249

76 445
54a 460
57a 286

76 445
62a 580

76 445
68a 87

76 445
81a 142

76 445
82a 310

76 445
90a ²590
90a ²625

this court will not examine whether the evidence it does contain supports the verdict. The certificate of the reporter who reported the evidence, at the foot of the testimony, that it contains all the evidence, will not answer. The judge who tried the case must so certify.

APPEAL from the Circuit Court of Mason county; the Hon. LYMAN LACEY, Judge, presiding.

The opinion of the court states the facts of the case necessary to an understanding of the points decided, except that the amendment of the declaration was simply to strike out the name of Francis S. Cogshall, and discontinue the suit as to him.

Messrs. FULLERTON & ROGERS, for the appellant.

Messrs. WALLACE & FREEMAN, and Messrs. DEARBORN & CAMPBELL, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of assumpsit, brought by appellee, in the circuit court of Mason county, against appellant and Francis S. Cogshall.

A trial was had before a jury, which resulted in a verdict in favor of appellee for $398.50. A motion was made for a new trial, whereupon appellee entered a motion to amend his declaration and dismiss as to Francis S. Cogshall, which the court allowed, and rendered judgment in favor of Francis S. Cogshall for his costs, against appellee.

The court then overruled the motion for a new trial, and rendered judgment upon the verdict against appellant.

The decision of the court in allowing the amendment to the declaration, and the dismissal of the suit as to Francis S. Cogshall, is assigned as error.

The amendment allowed by the court was proper under the Practice Act. Revised Statutes of 1874, page 778, sec. 24.

It is also insisted by appellant that the verdict is contrary to the evidence.

The evidence, so far as the record discloses it, is conflicting. This court has repeatedly held, the verdict of the jury will not be disturbed where there is a conflict in the testimony, unless the verdict is clearly and manifestly against the weight of the evidence. Such, however, is not this case. But, independent of this question, we could not disturb the verdict for another reason: the bill of exceptions in the record does not purport to contain all the evidence.

The practice is well settled, that, where the bill of exceptions fails to show that it contains all the evidence in the case, we will not examine whether the evidence it does contain supports the verdict. *Minor* v. *Phillips*, 42 Ill. 123.

It is true, the reporter who reported the evidence on the trial, adds a certificate at the foot of the testimony that the foregoing is all the evidence in the case, but the judge before whom the cause was tried does not state that the bill of exceptions contains all the evidence, or that the certificate of the reporter is even a part of the record.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*