ISAAC C. OGDEN *et al.*

*v.*

RUTH M. BEMIS.

*Filed at Ottawa May 9, 1888.*

1. TAX TITLE—*of the process in support of a sale of land for taxes.* Every tax deed, to be available for the purpose of passing title, must be founded upon a legal and valid sale, and to render the sale valid it must be made upon legal and proper process.

2. The want of the certificate of the county clerk to the record of the judgment is a fatal defect in the sale of land for taxes. It is the certified record that constitutes the process, which is indispensable to a valid sale.

3. SAME—*variation in name—identity of the grantee with the purchaser.* Where a tax deed was made to "Hiram Coombs," upon a tax sale to "H. Coombs," it was held that the affidavit of the grantee, stating that he did purchase the premises described in the certificate of sale, and requesting that a deed be made to him, etc., was sufficient to show that the grantee was the same person to whom the land was sold.

4. SAME—*cancellation of certificate in part.* The fact that the holder of a certificate of purchase of land for taxes may have cancelled the same as to a part of the land bought, and a deed is taken only for the part left, there being no explanation of the circumstances under which the cancellation was made, will not render the deed invalid.

APPEAL from the Superior Court of Cook county; the Hon. GWYNN GARNETT, Judge, presiding.

Messrs. WILSON & MOORE, for the appellants:

It is contended that the deeds to John Carne were based upon sales made without process of law. (Rev. Stat. chap. 120, sec. 196.) Whether the clerk made the proper certificate, and filed the same with the papers, we do not know; but if it was made, though not entered of record, it was nevertheless a valid process. If none was ever made appellee should have proved that fact.

"Hiram Coombs" will be presumed to be the same person as "H. Coombs," from his affidavit, and that he was the holder of the certificate.

The other certificate included the east three-quarters of lot 4. On its back is indorsed, "Chicago, Oct. 17, 1879—Received of E. F. C. Klokke, county clerk, $20.48 on this certificate, for the redemption of the W. $31\frac{1}{2}$ feet of the E. $\frac{3}{4}$ of lot 4 within." This will not invalidate the title to the balance of the tract.

Mr. H. S. McCARTNEY, for the appellee:

The two deeds to Carne are invalid for want of process. *Gage* v. *Lightburn,* 93 Ill. 248.

There is nothing in the affidavit to show that H. Coombs and Hiram Coombs were the same person.

The sale of the east three-quarters of lot 4 was an entire sale. There could be no redemption of a part thereof, except by a tenant in common of an undivided share.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

On the 12th day of May, 1888, the appellee, Ruth M. Bemis, exhibited her bill in the Superior Court of Cook county, against the appellants, Isaac C. Ogden, John Carne, Jr., and Hiram Coombs, setting forth that she was the owner in fee of certain real estate described in the bill, to which the defendants pretended to have some claim or title by virtue of certain tax deeds, particularly described in the bill. These tax deeds are

charged to be illegal and void, and the bill prays that they be
set aside as a cloud upon complainant's title. Upon the hear-
ing, a decree was entered in conformity with the prayer of the
bill, from which the present appeal is prosecuted.

The tax deeds in question are four in number. The first is
founded upon a tax sale to R. W. Bridge, in 1877, and was
executed by the proper authorities to the South Park Commis-
sioners on the 10th of August, 1880. The second was executed
to Hiram Coombs, February 8, 1882, and is based upon a tax
sale made in 1879. The third and fourth bear date Decem-
ber 17, 1885, and both run in the name of John Carne, as
grantee, and are based upon tax sales made in 1883, one being
for a special assessment, and the other for general taxes on
the same property.

The sales under which the last two deeds were made, were
invalid, and it follows, the deeds themselves are equally so,
for every tax deed, to be available for the purpose of passing
title, must be founded upon a legal and valid sale. The sales
in question were made without process, as required by the
196th section (Starr & Curtis) of the Revenue act. That sec-
tion provides as follows: "On the day advertised for sale, the
county clerk, assisted by the collector shall carefully examine
said list upon which judgment has been rendered, and see that
all payments have been properly noted thereon, and said clerk
shall make a certificate to be entered on said record, following
the order of court that such record is correct, and that judg-
ment was rendered upon the property therein mentioned for
the taxes, interest and costs due thereon, which certificate shall
be attested by the clerk under seal of the court and shall be
the process on which all real property or any interest therein
shall be sold for taxes, special assessments interest and costs
due thereon and may be substantially in the following form,"
etc. The record here contemplated was made up in strict con-
formity with the statute, except that the clerk's certificate was
wanting. This was a fatal defect, for it is the certified record

that constitutes the process, which is indispensable to a valid sale. *Eagan* v. *Connelly,* 107 Ill. 458.

With respect to the other deeds, we are inclined to hold that none of the objections urged against them are well taken. It is contended, in the first place, that it does not sufficiently appear that "H. Coombs," to whom the sale was made, and "Hiram Coombs," to whom the tax deed was issued, are one and the same person. We think the affidavit made by Hiram Coombs, upon which the deed was issued, sufficiently shows that he was the same person to whom the sale was made. That, together with the ordinary presumptions which arise from the facts shown, we regard as sufficient.*

It is objected to the deed made to the South Park Commissioners, as assignee of the certificate of purchase issued to Bridge, that while the latter was the holder of such certificate he cancelled the same as to a part of the real estate therein mentioned. We are unable to say that this was not a legitimate transaction, as the circumstances under which it occurred are not given or explained. Nor is it perceived how the appellee could be prejudiced by it.

For the errors indicated, the decree of the court below is reversed, and the cause remanded, with leave to both parties to amend pleadings, and take additional testimony, if so desired, and for such other proceedings as are not inconsistent with the views herein expressed.

*Decree reversed.*

---

* REPORTER'S NOTE.—The affidavit of Hiram Coombs, mentioned in the opinion, stated that three months before the time of redemption expired, he published a notice, "in which notice he stated when he did purchase the land or lot described in the annexed certificate of tax sales;" in whose name taxed; description; for what year taxed and when time of redemption would expire; which said notice was inserted on, etc., and that a printed slip and certificate of publication were also filed; "that he (this affiant) relies upon the facts stated in this and other affidavits hereto attached, and the said certificate of publication, as being in full compliance," and "requests that a deed of the premises described in annexed certificate of tax sale may be issued to Hiram Coombs, this affiant, as provided by law."