THE PEOPLE, for the use of Drainage District,

*v.*

SPURGEON C. HENCKLER *et al.*

*Filed at Mt. Vernon May 9, 1891.*

1. TAXES—*forfeiture, what constitutes.* To constitute a valid forfeiture of land for taxes, all the steps provided by the statute must have been substantially complied with. To create a forfeiture there must have been a judgment, a process in substantial conformity with the requirements of the statute authorizing the sale of the property, an offer of the property for sale, and a failure to sell for want of bidders.

2. SAME—*foreclosure of lien—condition precedent.* It is only by virtue of section 253 of the Revenue act that a bill in chancery lies to foreclose the lien on land for taxes, etc., and it is a condition precedent to a proceeding to foreclose a tax lien on land, that such property shall have been forfeited to the State for the taxes or assessments of two or more years, and that the forfeitures were valid.

3. SAME—*sale, under void process.* Where the process under which land is sold for taxes or special assessments is void, there is no precept at the time of the sale, and the collector will have no authority to make the sale, and his act will be a nullity, and no right can be based thereon.

4. EVIDENCE—*when synonymous with "testimony"—certificate thereof.* A certificate of evidence in a chancery suit started out by stating that "the plaintiffs, to maintain the issues on their part, gave the following evidence," and it concluded with the words, "and the foregoing was all the testimony adduced by either party on said trial:" *Held,* that the word "testimony," as used, was synonymous with the word "evidence," and that the certificate was sufficient to show that it contained all the evidence in the case.

5. While it should appear that all the evidence given on the trial below is preserved for consideration, yet the rule is, that it is immaterial whether that fact appears from an express averment to that effect in the certificate or bill of exceptions, or is rendered manifest by such certificate or bill of exceptions in some other way.

6. SEAL OF THE COURT—*substituting private scrawl—process without the seal.* The mandate of the statute, (Rev. Stat. chap. 120, sec. 194,) that the clerk's certificate to the judgment record "shall be attested under seal of the court," can not be ignored, nor can the county clerk substitute, upon the process of the court, his own private scrawl for the

official seal of the court, and a sale or forfeiture of lands under process lacking the seal of the court will be void, and will confer no rights.

7. Where the law expressly directs that process shall be in a specified form and issued in a particular manner, such a provision is mandatory, and a failure on the part of the officer whose duty it is to issue it, to comply with the law in that respect, will render such process void.

APPEAL from the Circuit Court of Monroe county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Mr. E. P. SLATE, for the appellants.

Messrs. WINKELMAN & MORRISON, for the appellees.

Mr. JUSTICE BAKER delivered the opinion of the Court:

The Moredock and Ivy Landing Drainage District No. 1, in Monroe county, Illinois, was organized under what is commonly known as the "Levee act," approved and in force May 29, 1879. (Laws of 1879, p. 120.) In *Gauen et al.* v. *Drainage District*, 131 Ill. 446, we held that a drainage district formed under said Levee act may, in the name of the People of the State, foreclose its lien on lands for delinquent special assessments by bill in equity, filed under the provisions of section 253 of the Revenue act. This suit was a bill of complaint, exhibited by appellants against appellees under said section, for the purpose of foreclosing a lien on a tract of land containing one hundred and sixty acres, situate in said drainage district, for installments of a special assessment on said land for the years 1884, 1885 and 1886, and for repair taxes assessed for the years 1885 and 1886, said installments and repair taxes amounting in the aggregate to $366.54. The result of a hearing in the circuit court was that the issues were found for the defendants, and the bill dismissed at the costs of the drainage district.

It is urged by appellees, that the certificate of evidence does not purport to contain all the evidence, and that therefore this

court will not review the findings of the court below. In the concluding part of said certificate is found this language: "And the foregoing was all the testimony adduced by either party on said trial." The point insisted upon is, that the word "evidence" is a general term, and includes every species of evidence, while "testimony" is the statement or declaration of a witness, and merely a species or class of evidence, and that therefore, from the statement "the foregoing was all the testimony," it can not be concluded that there was not other evidence heard which did not fall in the category of testimony. It would have been more strictly accurate to have used the word "evidence" in the certificate, instead of the word "testimony;" But while it should appear that all the evidence given on the trial below is preserved for consideration, yet the rule is that it is immaterial whether that fact appears from an express averment to that effect in the certificate or bill of exceptions, or is rendered manifest by such certificate or bill of exceptions in some other way. (*Stickney et al.* v. *Cassell*, 1 Gilm. 418; *Buckmaster* v. *Cool*, 12 Ill. 74; *Reed* v. *Bradley et al.* 17 id. 321; *Harris* v. *Miner*, 28 id. 135; *Marine Bank of Chicago* v. *Rushmore et al.* id. 463.) Here, the certificate of evidence starts out by stating, that "the plaintiffs, to maintain the issues on their part, gave the following evidence," and it concludes with the words, "and the foregoing was all the testimony adduced by either party on said trial." It is manifest from the context, that the word "testimony," found in the concluding part of the certificate, is used therein as synonymous with the word "evidence," found in the introductory part. The contention that the certificate does not purport to contain all the evidence heard, is not well founded.

In the view we feel compelled to take of the case, it is only necessary to refer to one other matter. The claim was made by appellees, in their answer, and insisted upon at the hearing, that the land described in the bill of complaint was not legally forfeited to the State. The first section of the County

Court act expressly provides that the county court of each of the counties of the State shall have a seal. It is admitted by appellants, and also shown by the evidence, that the county court of Monroe county now has, and on the 11th day of July, 1887, (the date of the supposed forfeiture,) and for many years prior thereto, had a seal. Section 188 makes provision for a book, to be known as the "tax judgment, sale, redemption and forfeiture record." Section 191 makes provision for the entry of a judgment and order of sale, and section 194 provides that the county clerk "shall make a certificate, to be entered on said record, following the order of court, that such record is correct, and that judgment was rendered upon the property therein mentioned for the taxes, interest and costs due thereon, which certificate shall be attested by the clerk, under seal of the court, and shall be the process on which all real property, or any interest therein, shall be sold for taxes, special assessments, interest and costs due thereon," and gives a form, in substance, for such certificate. It is admitted by appellants that the seal of the county court was not attached to the clerk's certificate to the judgment record in evidence in this case, but that the clerk affixed thereto a scrawl by way of seal. The contention seems to be, that no seal is required to the certificate. But this can not be, for the mandate of the statute that the certificate "shall be attested under seal of the court" can not be ignored. Nor can the clerk substitute upon the process of the court his own private scrawl for the official seal of the court. Where the law expressly directs that process shall be in a specified form and issued in a particular manner, such a provision is mandatory, and a failure on the part of the official whose duty it is to issue it, to comply with the law in that respect, will render such process void. (*Sidwell* v. *Schumacher*, 99 Ill. 426.) Where the process is void there is no precept at the time of the sale, and the collector has no authority to make the sale, and his act is a nullity, and no right can be based thereon. (*Eagan* v. *Connelly*, 107 Ill. 458.) In

*Ogden et al.* v. *Bemis,* 125 Ill. 105, the clerk's certificate to the record was wanting, and this court said : "This was a fatal defect, for it is the certified record that constitutes the process, which is indispensable to a valid sale."

It is only by virtue of section 253 of the Revenue act that a bill in equity such as that under consideration can be filed, and that section makes provision for a remedy in equity, only, "whenever taxes for two or more years, upon the same description of property, shall have been forfeited to the State." It is a condition precedent to proceedings in equity to foreclose a tax lien or special assessment lien on real property, that such property should have been forfeited to the State for the taxes of two or more years.    To constitute a valid forfeiture, all of the steps provided by the statute must have been substantially complied with.    To create a forfeiture there must have been a judgment, a process in substantial conformity with the requirements of the statute authorizing the sale of the property, an offer of the property for sale, and a failure to sell for want of bidders. (*Scott* v. *The People,* 2 Bradw. 642 ; *Vetter* v. *The People,* 3 id. 385 ; *Smith* v. *The People,* id. 380.)    We concur in the view expressed in the latter case, that the process for sale required by section 194 of the Revenue act is as essential to a valid forfeiture for want of bidders as to a valid sale, and that the absence of such essential requisite renders invalid either a sale or a forfeiture.

There having been no legal and valid forfeiture to the State upon which to base a bill in equity to foreclose the special assessment lien, the decree of the circuit court dismissing the bill of appellants is affirmed.

*Decree affirmed.*