(No. 13727.—Reversed and remanded.)

THE PEOPLE ex rel. W. G. Sprague, Plaintiff in Error, vs.
F. A. CLARK et al. Defendants in Error.

*Opinion filed April 21, 1921—Rehearing denied June 9, 1921.*

1. SCHOOLS—*School law did not give women right to vote at elections to organize community consolidated school districts.* The provision of section 84d of the act of 1919 for the organization of community consolidated school districts, that elections for the organization of such districts shall be governed by the laws governing the elections of school directors, did not give to women the right to vote, as said provision refers to the manner of conducting the elections and not to the qualification of the voters.

2. SAME—*the Woman's Suffrage act of 1913 did not authorize women to vote at elections to organize community consolidated school districts.* Section 1 of the Woman's Suffrage act of 1913, (Laws of 1913, p. 333,) authorizing women to vote upon all questions submitted to a vote of the electors of any political subdivision of the State, did not give women the right to vote at elections for the organization of community consolidated school districts, as such proposition is submitted to the voters of the unorganized territory and not to the electors of a political subdivision.

3. QUO WARRANTO—*when replication leaves burden on defendants to prove facts set up in special traverse.* Where defendants to an information in *quo warranto* to contest the organization of a community consolidated school district plead a special traverse and the relators take issue on the *absque hoc* and re-assert the usurpation alleged in the information, the burden is on the defendants, under the issue so formed, to prove the special facts set up in their plea.

4. APPEALS AND ERRORS—*what does not render bill of exceptions insufficient.* A bill of exceptions is not rendered insufficient because on its face it shows that certain exhibits are omitted which are not essential to the consideration of any of the errors or questions submitted for review.

WRIT OF ERROR to the Circuit Court of Pike county; the Hon. HARRY HIGBEE, Judge, presiding.

EDWIN JOHNSTON, and BARRY MUMFORD, State's Attorneys, (W. E. WILLIAMS, and A. CLAY WILLIAMS, of counsel,) for plaintiff in error.

GEORGE C. WEAVER, and LEE CAPPS, for defendants in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

To an information in the nature of *quo warranto* filed in the circuit court of Pike county against Frank A. Clark and others, calling upon them to show by what authority they claimed to exercise the offices of president and members of the board of education of a pretended community consolidated school district, the respondents filed a plea alleging the various proceedings taken for the organization of the district and the election of directors under the statute of June 24, 1919, amendatory of the School law. (Laws of 1919, p. 904.) The relator filed seven replications to the plea, but demurrers were sustained to all but the sixth, upon which issue was joined. A trial by the court, a jury being waived, resulted in a finding and judgment for the respondents, and the relator has brought the case here by writ of error.

The respondents' plea was a special traverse concluding with a denial under the *absque hoc,* the sixth replication took issue under the *absque hoc,* and the question tried under it was whether a majority of the legal votes cast at the election were in favor of the organization of the school district. Both men and women voted,—194 men and 157 women,—and 246 votes were in favor of the proposition to organize the district, 104 votes against it, and one spoiled ballot was not counted. The men's and women's ballots were not kept separate, and therefore the record does not show which way the majority of the men or the majority of the women voted. The votes of the women were illegal. *People* v. *Kinsey,* 294 Ill. 530.

The defendants in error insist that under section 84d of the amendment, which provides that the election shall be governed by the laws governing the election of school directors, women were entitled to vote at the election for

the organization of the district because they are legal voters at elections of school directors. This section refers to the manner of conducting the election and not to the qualification of the voters. If it were held to confer on women the right to vote it would be a grant of a special privilege to women voting on the organization of districts under this law while withholding it from women as to the organization of districts under any other law. There is no reason for any such distinction and it cannot be presumed that the legislature intended it.

It is argued that the women were entitled to vote by section 1 of the Woman's Suffrage act, (Laws of 1913, p. 333,) which authorizes them to vote upon all questions or propositions submitted to a vote of the electors of municipalities or other political divisions of this State. The question submitted to the voters of the territory was whether the territory should be organized into a school district or not. Such territory did not constitute a political subdivision of the State, and the proposition to organize it into a political subdivision was submitted to the voters of the unorganized territory and not to the electors of a municipality or other subdivision of the State. *People* v. *Peltier*, 265 Ill. 630.

The defendants in error contend that under the pleadings the election cannot be held invalid even if women were not legal voters, because the allegation of the amended plea that "a majority of the legal male voters voting at said election voted for the proposition to create the territory described in said petition into a community consolidated school district" is not specifically denied by the replication. The information averred that women voted at the election; that a majority of the legal votes was not cast in favor of the proposition; that the number of illegal votes cast was in excess of the majority claimed to have been cast in favor of the proposition, and that the proposition did not receive a majority of the legal votes cast. The amended

plea, as has been said, was a special traverse, which set out in detail, by way of inducement, all of the proceedings taken for the organization of the district, concluding with a traverse under the *absque hoc* of the usurpation alleged. "The design of a special traverse," we said in *People* v. *Pullman Car Co.* 175 Ill. 125, (on page 135,) "as distinguished from a common traverse, is to explain or qualify the denial. The essential parts of such a plea are the inducement, the denial and the verification. The issuable part of the plea is the denial, which is under the *absque hoc,* and when the denial under the *absque hoc* is sufficient no issue of fact can be formed upon the inducement. The matter, however, set up in the inducement must be such as in itself amounts to a sufficient answer, in substance, to the declaration or information. The plaintiff may elect to either form an issue of fact by pleading to the *absque hoc* or to form an issue of law by demurring to the plea, and thereby take exceptions, in point of law, to the explanatory matters set up in the inducement." Here the relator replied taking issue on the *absque hoc* and re-asserted the usurpation alleged in the information. Under the issue thus formed the burden was on the defendants in error to prove the title alleged in their amended plea. (*People* v. *Central Union Telephone Co.* 192 Ill. 307; *People* v. *Bruennemer,* 168 id. 482; *Chicago City Railway Co.* v. *People,* 73 id. 541.) No evidence was introduced to sustain the allegation of the plea which has been quoted.

It is insisted by the defendants in error that the bill of exceptions does not contain any certificate of the evidence and that it does not purport to contain all the evidence. The record contains a bill of exceptions which was signed by the judge and filed within the time fixed by the order of court for filing it. It contains an account of the proceedings on the trial, including the evidence, and at the conclusion of the evidence is a statement, "And the foregoing was all the evidence offered and heard on the trial

of the above entitled cause." Below this appears the certificate of the official reporter of the circuit court of Pike county that the transcript is a full and correct transcript of the testimony in the case. Then appear certain propositions of law submitted to the court, and at the end of the bill of exceptions appears the usual certificate signed and sealed by the judge. The defendants in error's contention is based upon the proposition that the certificate of the reporter that the bill of exceptions contained all the evidence is not sufficient to incorporate it in the record, and this is true; (*Cogshall* v. *Beesley,* 76 Ill. 445;) but the independent statement, which is not included in the certificate of the reporter, is the certificate of the judge, and the evidence contained in the bill of exceptions, together with the certificate that it was all the evidence offered and heard in the case, must be regarded as a part of the record.

It is said, however, that the bill of exceptions shows on its face that twenty-one of the thirty exhibits admitted in evidence on behalf of the defendants in error are omitted from it. This also is true, but all the exhibits which are omitted referred to formal matters not essential to the consideration of any of the errors or questions which have been submitted. They are notices of the election for the members of the board of education, proof of posting such notices, appointment of judges and clerks of that election, nominating petitions, poll-book, form of ballot, and certificates of election of members of the board,—none of which have anything to do with the question of the organization of the district.

· Other questions have been argued which are not necessary to a decision of the case and will not be considered.

The judgment is reversed and the cause is remanded to the circuit court, with directions to enter a judgment of ouster against the respondents.

*Reversed and remanded, with directions.* ·