John Siegle, Appellant, v. Harry Mitchell and Irwin Mitchell, Appellees.

Gen. No. 8,167.

Opinion filed January 25, 1928.

CAPPS & WEAVER and L. T. GRAHAM, for appellant.

WILLIAM MUMFORD for appellees.

MR. PRESIDING JUSTICE SHURTLEFF delivered the opinion of the court.

This cause was before this court at a former term on an appeal, and the appeal was dismissed for the reason that the record did not show that a proper or sufficient final judgment had been entered by the circuit court of Pike county, although a memorial was found in the minutes of the judge of that court tending to show that the court had intended to enter some kind of a judgment. Upon the remanding of the cause and the redocketing of the same in said court, the court, on motion of appellant, proceeded to enter a proper and formal judgment on June 3, 1927, nearly one year after the entry of the memorial, as shown by the record. At that time orders for appeal were entered on behalf of appellant, and appellees now move to strike the purported transcript from the files and to dismiss the attempted and purported appeal on the ground that the original judgment in this cause in favor of the defendants, appellees, was entered on June 22, 1926, and that the clerk should have corrected only his record of said judgment.

There is nothing now before this court showing or tending to show that the court on June 22, 1926, pro-

nounced a legal and final judgment in said cause, further than the record as shown on the former appeal. Appellees assume that a complete and final judgment was pronounced, but was not fully recorded, on June 22, 1926. It is not a question of a judgment *nunc pro tunc,* or of a judgment pronounced but not recorded; but, the record failing to show a legal and final judgment prior to the former appeal, as contended by appellees, the circuit court of Pike county, without error, proceeded to pronounce a legal and final judgment which has been recorded and is now before us. The motion to strike and dismiss on the grounds stated is denied.

Appellant brought suit on two promissory judgment notes, each for the sum of $500, executed by appellees and payable to the order of the Standard Manufacturing Company of Decatur, Illinois, said notes having been assigned by the payee to appellant. Under the pleadings it was claimed, and there was testimony offered tending to prove, that the notes were a part of an agency contract under which appellees accepted an agency in certain territory to sell house-lighting plants for the said Standard Manufacturing Company under an agreement that the notes should be held by the Standard Manufacturing Company merely as a collateral security; that settlements should be made by purchasers with purchasers' notes turned over to said company, and that all unsold machines should be returned. It was agreed in writing that if the Standard Manufacturing Company did not sell a certain number of generators in the territory, on behalf of appellees, said notes should be returned and the appellees never would be called upon to pay them. The preponderance of the oral testimony establishes that said company agreed not to transfer or negotiate the said notes, and that upon the completion of the contract said notes should be returned to appellee. The notes did not evidence an indebtedness against appellees and there was

more or less testimony introduced tending to establish that the business and methods of the Standard Manufacturing Company constituted a fraud, and that appellant had notice of these facts before he purchased the notes, for which he testified that he gave his check for $700. However, he was not able to produce the check.

There was a verdict and judgment for appellees and appellant has appealed. There are assignments of error in the record on the admission of oral evidence as to the negotiations between the Standard Manufacturing Company and appellees which were not in the presence of appellant, but by this testimony it was sufficiently shown that the title of the Standard Manufacturing Company to said notes was defective, whereupon the burden of proof shifted to appellant to show that he was a holder in due course of said notes. (Paragraph 59, Negotiable Instruments Act, Cahill's St. ch. 98, ¶ 79.) This issue of fact was submitted to the jury and a finding made in favor of appellees and from a reading of the record we do not find that the verdict is against the manifest weight of the evidence.

Some complaint is made as to certain instructions given on behalf of appellees that they did not cover a phase of the controversy pressed by appellant under an additional clause to the contract, signed by appellees under date of September 12, 1922, with said company, in which clause there was a statement that a portion of appellees' notes had been sold. But it was shown that appellees never operated under this additional clause to the contract, and it was about this time that appellees claim to have discovered that the business of the Standard Manufacturing Company was a fraudulent scheme and we find no error in the instructions.

It is contended by appellees that appellant is estopped to raise the questions assigned as error upon this record, for the reason that the record does not show that the bill of exceptions contains all of the evi-

dence in the case. The certificate of the court reporter does show "and the foregoing was all of the evidence heard on the trial of the above case," but the bill of exceptions does not show that appellant closed his case either in chief or in rebuttal, and the judge does not certify that the bill of exceptions contains all of the evidence upon the trial of the cause. It was held in *People v. Nelson,* 320 Ill. 273, 278:

"Where the bill of exceptions does not purport to contain all the evidence the verdict of the jury will not be questioned. (*Ballance v. Leonard,* 37 Ill. 43; *Board of Trustees v. Misenheimer,* 89 id. 151; *Village of Des Plaines v. Winkelman,* 270 id. 149.) The certificate of the court reporter that the bill of exceptions contains all the evidence is not sufficient for that purpose, (*Cogshall v. Beesley,* 76 Ill. 445; *People v. Clark,* 298 id. 170;) but it is sufficient if the fact affirmatively appears from the record itself that the bill of exceptions contains all the evidence. (*People v. Henckler,* 137 Ill. 580; *People v. Scanlan,* 265 id. 609; *Central Illinois Public Service Co. v. City of Sullivan,* 294 id. 101.) Immediately following the testimony in the bill of exceptions in the instant case are the statements, 'Defendant rests' and 'People rest.' The court reporter then certifies that the bill of exceptions contains all the evidence heard by the court and jury, and the certificate of the trial judge concludes the bill of exceptions. These statements and certificates sufficiently show that the bill of exceptions contains all the evidence upon which the parties relied."

In view of the holding in *Cogshall v. Beesley,* 76 Ill. 445, and *People v. Clark,* 298 Ill. 170, 174, we are of the opinion that none of the questions argued by appellant in this case are before this court for review. Accordingly, the judgment of the circuit court of Pike county is affirmed.

*Affirmed.*