Byron Sutton and Lester W. Routt, Partners, Trading as Sutton & Routt, Appellees, v. Board of Education of Casey Township High School, Appellant.

Gen. No. 8,429.

the April term, 1930.                      Heard in this court at
1930.                                      Opinion filed October 29,

PARKER, COX & EAGLETON and S. M. SCHOLFIELD, for appellant.

SUMNER & LEWIS and W. T. HOLLENBECK, for appellees.

MR. PRESIDING JUSTICE SHURTLEFF delivered the opinion of the court.

This is a suit brought upon a contract to recover a stated amount and upon the common counts to recover the value of services performed by appellees, architects, in furnishing plans and specifications for reconstructing a school building.

In May, 1924, the appellant district desired to build an extension or addition to its high school building, and on May 29 the alleged contract sued on was entered into. The appellee architects prepared plans and specifications for the addition, bids were advertised for and received, but upon opening were found to be too high and were rejected. The entire matter was postponed until some future date. This was done in July, 1924.

At this time appellees were paid $2,000 for services as architects and about six months later were paid $1,000. The appellant district contends that these payments were in full for all services of the appellees by agreement with Mr. Sutton, one of the partners at that time. The appellees contend that no such agreement was made and that the $3,000 received by them was not in full but was received under contract sued on, and that by the terms of said contract there was still due them the sum of $633.19.

In January, 1927, the building matter was again taken up and after investigation and consultation, the appellees advised a new building and submitted preliminary penciled sketches. No contract was entered into and the appellant district employed another ar-

chitect and a new building was erected from the plans and specifications furnished by him.

Suit in assumpsit was filed by the appellees against the appellant district in the circuit court of Clark county, Illinois, demanding payment of $2,000, the appellees declaring on the alleged contract; on certain expenses and services rendered by appellees to the appellant district at its request, and for damages for being wrongfully discharged as architects by the appellant district. The common counts were added.

The appellant district filed a verified plea of general issue to this declaration and the cause was tried by a jury at the November term of the Clark county circuit court, resulting in a verdict for the appellees of $633.19. The appellant filed a motion for a new trial which was overruled by the court and judgment entered on the verdict against appellant, which excepted and prayed this appeal, which was granted by the circuit court and the record is submitted to this court for its judgment.

The appellant asks this court to reverse the lower court because: 1. The circuit court erred in admitting improper evidence on behalf of appellees over objection of appellant, or to be specific, the purported contract was admitted in evidence without any proof from the records of the appellant that such contract was ever entered into by appellant, and that such contract was first approved and adopted on the part of appellant by a yea and nay vote which was entered on the records of appellant;

2. The giving of appellees' instructions;

3. The refusing to grant appellant's motion for a new trial;

4. The rendering of judgment against appellant; and

5. The verdict was contrary to the law and the evidence.

The first count of the declaration was for a balance of $633.19 due upon the written contract entered into May 29, 1924. The second count was for services rendered by the appellees to the appellant beginning in the month of January, 1927, in the sum of $290. The third count asked for damages for wrongfully discharging appellees and refusing to permit them to complete their contract for services, to which the common counts were added.

To support the first count of the declaration, the appellees introduced in evidence the contract dated May 29, 1924, under which contract the appellees prepared plans and specifications for the building and after advertising for bids the board decided not to let any contract and held the matter in abeyance.

The contract provided as follows: "Should, for any reason, the party of the second part abandon, postpone or hold in abeyance for six months or more the erection of the building after the Architects have prepared complete, approved working plans and specifications for same, then the Architects shall be reimbursed by the party of the second part in a sum equal to three (3) per cent less any previous payment, of the lowest combination of bids received, based upon said plans and specifications, or in case no bids be received, three (3) per cent of a reasonable estimate of the completed cost of the proposed work less any previous payment."

The total of the lowest combination of bids being for more funds than the district had on hand at that time, they decided to postpone the work a year or two until funds were on hand to go ahead with the project as planned, because the district did not want to cut down the size of the building as it needed the space. The lowest combination of bids totaled one hundred twenty-seven thousand and some odd dollars and under the contract as above set forth appellants were required,

if they delayed building for a period of six months or more, to pay 3 per cent of the lowest combination of bids and were paid a total sum of $3,200 leaving a balance of $633.19.

The verdict in this case was the exact amount due under the written contract. A careful examination of all the proofs submitted fails to show that any proofs were offered or admitted tending to show the reasonable value of the services performed by appellees under the pretended contract in evidence. Appellees must, therefore, recover, if at all, upon a legal, binding contract in evidence and not under the common counts. Appellant presented the issue of the execution of the contract by the general issue verified. The question raised by appellant in this case under the first issue is not a question of liability but of proof. Proofs were offered tending to show that signatures attached to the contract were the signatures of members of the school board. No attempt was made to show any record of the school board (appellant) or that any vote was ever taken by the school board for the expenditure of these moneys, and over the objection and exception of appellant the purported contract was admitted in evidence. This was error. In *City of Chicago v. Peck,* 196 Ill. 260, 262, the court held: ''Where an instrument purports to be executed by an agent, the authority of the agent is a material part of of the execution, and to admit the execution is to admit all the essentials to the execution. To require proof of the execution is to require proof of the authority to execute the instrument, and if the execution is denied by a verified plea, the authority of the agent constitutes an essential part of the plaintiff's proof. A corporation necessarily acts by its agents, and if the execution of the instrument is not denied by verified plea it is not necessary to prove the authority of the agent. (*Delahay v. Clement,* 2 Scam. 575.)''

This rule is elementary. In this case, the execution of the instrument was denied by a verified plea. Appellees should have shown the record of the school board, authorizing the board to enter into such a contract and make such an expenditure of money, where appellees rely upon the contract to recover. Cahill's St. ch. 122, ¶ 120; Smith-Hurd's Rev. Stat. 1929, chapter 122, section 120. But appellees insist that this court has no right to consider the proofs and that "the judgment should be affirmed for the reason that the abstract of record does not show that it contains all the evidence that was presented to the trial court," etc., and cites *Siegle v. Mitchell*, 249 Ill. App. 116, 120. The abstract does recite, page 28, "Plaintiffs rest their case," and again on page 44, "Defendant rested," and on page 46, "Plaintiffs again rest." The certificate of the judge is shown in proper form to the bill of exceptions. In *Siegle v. Mitchell, supra,* the court held:

" 'Where the bill of exceptions does not purport to contain all the evidence the verdict of the jury will not be questioned. (*Ballance v. Leonard,* 37 Ill. 43; *Board of Trustees v. Misenheimer,* 89 Ill. 151; *Village of Des Plaines v. Winkelman,* 270 Ill. 149.) The certificate of the court reporter that the bill of exceptions contains all the evidence is not sufficient for that purpose (*Cogshall v. Beesley,* 76 Ill. 445; *People v. Clark,* 298 Ill. 170;) but it is sufficient if the fact affirmatively appears from the record itself that the bill of exceptions contains all the evidence. (*People v. Henckler,* 137 Ill. 580; *People v. Scanlan,* 265 Ill. 609; *Central Illinois Public Service Co. v. City of Sullivan,* 294 Ill. 101.) Immediately following the testimony in the bill of exceptions in the instant case are the statements, "Defendant rests" and "People rest." The court reporter then certifies that the bill of exceptions contains all the evidence heard by the court and jury, and the

certificate of the trial judge concludes the bill of exceptions. These statements and certificates sufficiently show that the bill of exceptions contains all the evidence upon which the parties relied.' ''

In view of this holding we are of the opinion that the record is sufficiently certified as to the testimony produced.

Some objection is made to the instructions offered by and given for appellees but as the cause will have to be submitted to another jury any errors in the instructions as given doubtless will be corrected.

For the error pointed out, the judgment of the circuit court of Clark county is reversed and the cause is remanded to that court for another trial.

*Reversed and remanded.*