National Builders Bank of Chicago, Appellee, v. Robert L. Simons, Defendant. Sidney Landis, Intervening Petitioner, Appellant. University State Bank, Garnishee.

Gen. No. 40,956.

Heard in the third division of this court for the first district at the October term, 1939. Opinion filed April 10, 1940. Rehearing denied April 24, 1940.

Landis & Landis, of Chicago, for appellant; Alvin Landis, of counsel.

Ringer, Reinwald & Sostrin, for appellee; M. Lester Reinwald and Morris Sostrin, of counsel.

Mr. Presiding Justice Denis E. Sullivan delivered the opinion of the court.

From a rather incomplete statement as to the merits of the controversy in this case, we gather that the petitioner, doubtless meaning the intervening petitioner, appeals from an order entered on his petition to quash a writ of attachment issued against the University State Bank, garnishee, under which writ the plaintiff, meaning, we think, the intervening petitioner, claimed

that certain liberty bonds owned by the petitioner, or perhaps the intervening petitioner, were held by the garnishee. After the pleadings were filed and issue made, the trial court entered an order finding that the petitioner was the owner of the bonds, but finding that the attachment writ was properly issued.

The petitioner's theory of the case is that the plaintiff's attachment (meaning the National Builders Bank of Chicago), was wrongfully sued out; that the letter (Landis exhibit 1 for identification, which the court refused to allow in evidence), sent by the plaintiff's attorneys to the University State Bank, the garnishee, compelled the garnishee to hold the bonds of the petitioner; that the trial court after finding that the property belonged to the petitioner should have quashed the attachment and permitted the petitioner to have his remedy against plaintiff for wrongfully attaching petitioner's property.

The plaintiff's theory of the case is that the plaintiff, (meaning perhaps the National Builders Bank of Chicago) never attached the bonds of the petitioner, and that the garnishee was under no duty to pay any attention to the letter (Landis exhibit 1) sent by the plaintiff's attorneys to the garnishee.

Much evidence was heard and, as a result of the trial, the order heretofore referred to was entered by the court from which this appeal is taken.

The plaintiff appellee, National Builders Bank of Chicago, gives as its first reason why the appeal should be dismissed, that the certificate of the trial court attached to the report of proceedings does not state that the report of proceedings contains all of the evidence and it is fatally defective. This point is a repetition of the motion made by defendant on November 18, 1939, to dismiss the suit. The record shows that the motion was denied, but it is evident from an inspection of the record that the court thought it better to hear

the arguments on both sides before denying a further hearing.

We have carefully inspected the record in this case and we cannot find a certificate by the trial judge as to the evidence which was heard and presented to this court, as being all the evidence which was heard by him in reaching a decision of this case. We are inclined to believe now that we should have dismissed this suit upon said motion at the time it was made. No motion to amend or correct the record or to supply the certificate of the trial judge was made in this court.

In the case of *Sheean v. Beil,* 300 Ill. App. 364, a rather full discussion appears as to the necessity of complying strictly with the rule, especially in cases where the evidence is conflicting. In that case the appellee assigned the following reasons for his motion to strike: "That the trial court did not certify that said purported copy of the testimony contained all of the evidence, or testimony received in the trial." In the same case the judge's certificate reads as follows: " 'This is to certify that the above and foregoing testimony was taken down in shorthand by the official court reporter at the hearing in the above entitled cause, on April 4, and 5, and May 18, 1938, in the Circuit Court of Jo Daviess County, Illinois, and that the same was by him correctly transcribed.' A casual examination of this certificate disclosed that all that the judge certifies to, is that the testimony was taken down in shorthand on certain days, and was correctly transcribed by the reporter. Whether this was all of the evidence taken, no one knows. The record does not show that the hearing of the evidence was concluded, or that either side rested their case. There is no court reporter's certificate that the testimony taken is all of the testimony, and that the same is a true and correct copy, as transcribed by him. Our courts have frequently held, that such a certificate of the judge is fatally defective on appeal. There was a dispute of fact in this case, and the ap-

pellants now contend there is not sufficient evidence in the record to sustain the judgment. In the case of *Sutton v. Board of Education*, 259 Ill. App. 193, the court there states the law to be, that where the bill of exception does not purport to contain all of the evidence, the verdict of the jury will not be questioned, and a certificate of the court reporter, that the bill of exceptions contains all the evidence, is not sufficient for that purpose. *People v. Clark*, 298 Ill. 170. To the same effect is *Siegle v. Mitchell*, 249 Ill. App. 116; *Cogshall v. Beesley*, 76 Ill. 445. The court held where a bill of exceptions fails to show that it contains all of the evidence, this court will not decide whether the evidence it does contain, supports the verdict. The reporter's certificate at the foot of the testimony, that it contained all the evidence, will not answer. The judge who tries the case must so certify.

"In the case of *Henry v. Halloway*, 78 Ill. 356, we find the following: 'Where the bill of exception fails to show that it contains all the evidence introduced upon the trial in the court below, it will be presumed on appeal to the Supreme Court, that other testimony was heard, and that the evidence before the court was sufficient to authorize the judgment rendered.' To the same effect is the case of the *Board of Trustees v. Misenheimer*, 89 Ill. 151. Also *People v. Nelson*, 320 Ill. 273."

It is pointed out by the appellant that on page 186 of the record, appears the following:

"WHICH WERE ALL THE PROCEEDINGS HAD OR PROFFERED IN THE TRIAL OF THE ABOVE ENTITLED CAUSE."

No signature appears under the foregoing statement, so we have no way of knowing who made the statement.

Appellant calls our attention to the fact that in reply to the motion to dismiss, the certificate of the judge there reads as follows:

"Forasmuch as the matters and things contained in the foregoing Report of Proceedings do not otherwise fully appear of record herein, the Respondent tenders this his Report of Proceedings and prays that the same be signed and sealed by the presiding Judge in this case and made a part of the record herein.

"Which is done accordingly in said County and State this 30th day of June A. D. 1939.

(Signed) Francis B. Allegretti (SEAL)"

No reference is made here as to the "evidence," nor does the trial judge purport to certify that this was all the evidence taken. This court is now confronted with the problem of deciding an issue of fact without knowing whether the evidence presented for our consideration is all that was heard by the trial judge. The presumption, under the law, is that the trial judge heard sufficient evidence upon which to base his judgment or decree.

In *Cogshall v. Beesley*, 76 Ill. 445, wherein the question as to the necessity of having a certificate to show that it contained all the evidence, is discussed, it is stated: "The judge who tried the case must so certify."

We are inclined to think that the motion made by appellee to dismiss the suit was perhaps premature. It is not an entirely jurisdictional matter but one that is usually decided on the merits of the case when considering the evidence, as we have been requested to do by the appellant. The presumption that the trial judge heard sufficient evidence, and no certificate appearing to the contrary, and no motion having been made to amend the record setting forth the certificate of the judge, if such certificate exists, we are, under such rule of law, precluded from reversing the judgment.

For the reasons herein given the order and judgment of the superior court are hereby affirmed.

*Judgment and order affirmed.*

HEBEL, J., concurs.

(See next page.)

BURKE, J., dissenting: Paragraph 4 of Supreme Court Rule 36 provides that the motion to strike the record shall be supported by an affidavit showing not only that the matter complained of is not properly authenticated, but that it is, in fact, incorrect, and that injury will result to the objecting party because of its inclusion, and that unless a motion is made in the manner required by the rule, the record shall be deemed to be correct. Paragraph 2 of section 74 of the Civil Practice Act [Ill. Rev. Stat. 1939, ch. 110, § 198; Jones Ill. Stats. Ann. 104.074] provides that the trial court record shall include every writ, pleading, motion, order, affidavit and other document filed or entered in the cause, and all matters before the trial court which shall be certified as part of the record by the judge thereof, and that all matters in the trial court record actually before the court on appeal, shall be considered by the court for all purposes, but if not properly authenticated the court may order such further authentication as it may deem advisable. Subparagraph c of paragraph 1 of section 92 of the Civil Practice Act [Ill. Rev. Stat. 1939, ch. 110, § 216; Jones Ill. Stats. Ann. 104.092] provides that the reviewing court may, in its discretion, and on such terms as it deems best, order or permit the record to be amended by correcting errors, or by adding matters which should have been included. I am of the opinion that under the liberal provisions of the Civil Practice Act and the rules adopted by the Supreme Court, we should pass on the points presented on the record, such record including, of course, the report of proceedings at the trial.